UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No: 5:10-CR-306-BR
No. 5:13-CV-352-BR

LUIS FERNANDO PEREZ-GONZALEZ, )
)
)
v. ) ORDER
)
)
UNITED STATES OF AMERICA )
)

This matter is before the court on the government's motion for summary judgment in this 28 U.S.C. § 2255 proceeding. (DE # 62.) Petitioner has filed a response in opposition to the motion. (DE # 65.) The government has not filed a reply.

In this court, petitioner pled guilty to illegally reentering the United States on 4 August 2010 after having been previously removed and after having been convicted of an aggravated felony in violation of 8 U.S.C. § 1326 and was sentenced to 78 months imprisonment. At sentencing, petitioner's counsel did not raise any objections to the presentence report ("PSR"). (4/4/11 Tr., DE # 39, at 2.) Petitioner appealed his sentence, which the Fourth Circuit Court of Appeals affirmed. (DE # 41.) The Supreme Court denied a petition for a writ of certiorari. Perez-Gonzalez v. United States, No. 11-9779 (U.S. May 14, 2012).

Petitioner then timely filed *pro se* a § 2255 motion. (DE # 44.) Upon initial review of the motion, the court directed the government to file an answer or other appropriate response. (DE # 45.) The government responded with a motion to dismiss. The court denied the motion to dismiss and directed the expansion of the record. (DE # 54.) Pursuant to that order, the government filed additional documents of record, (DE ## 55-1, 58-1), and the instant motion for

summary judgment.

In considering a motion for summary judgment, the court "view[s] all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party." T-Mobile Ne. LLC v. City Council of City of Newport News, Va., 674 F.3d 380, 385 (4th Cir. 2012) (quotation and citation omitted). "Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Id.

In his § 2255 motion, petitioner claims that his trial counsel was ineffective. As the court recognized earlier,

> [u]nder the principles of Strickland v. Washington, 466 U.S. 668 (1984),
>> a meritorious ineffective assistance claim must demonstrate two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. Under the second prong of *Strickland* 's test, there is a "strong presumption" that counsel's strategy and tactics fall "within the wide range of reasonable professional assistance." For counsel's trial performance to be deficient, he must have "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and that "counsel's representation fell below an objective standard of reasonableness." To establish prejudice, a defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Under *Strickland,* a reasonable probability is a "probability sufficient to undermine confidence in the outcome."

(DE # 54 (quoting Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (citations omitted), cert. denied, 122 S. Ct. 2311 (2002)).)

2

Specifically, petitioner claims that his trial counsel was ineffective for failing to object to two items in the PSR which increased his criminal history points. Petitioner first contends that counsel was deficient in failing to object to the second degree burglary conviction referenced in Paragraph 10 of the PSR. (Mot., DE # 44, at 6-7.)[1] That paragraph refers to case number BF086264A, Kern County, California Superior Court, and the PSR reflects that on 30 November 1998, petitioner was sentenced to 32 months custody, consecutive to the term of imprisonment being served upon the revocation of probation on the convictions in Paragraphs 8 and 9 of the PSR (case numbers SC073741A and SC073734A). (PSR ¶¶ 8-10.) Petitioner claims that in fact, in that case, i.e., the one in Paragraph 10 of the PSR, all charges against him were dismissed. (See Mot., DE # 44, at 6-7; Attach. 1, DE # 44-1.)

The abstract of judgment and minute order of sentencing filed by the government reflect the following. On 30 November 1998, in case number SC075539A, Kern County, California Superior Court, petitioner was sentenced to two years imprisonment for vehicle burglary in violation of California Penal Code § 460(b).[2] (DE # 58-1.) This sentence was to be served consecutive to the terms imposed in case numbers SC073741A and SC073734A, with all but eight months stayed, for a total term of 32 months. (Id.) Even though the case number and some other details (e.g., date of conviction) in Paragraph 10 were not accurate, petitioner correctly received three criminal history points for this conviction as the sentence of imprisonment

---

[1] Page citations are to the numbers generated by cm/ecf.

[2] This statute prescribes the degrees of burglary:
    (a) Every burglary of an inhabited dwelling house, vessel, . . . , floating home, or trailer coach, . . . , or the inhabited portion of any other building, is burglary of the first degree.
    (b) All other kinds of burglary are of the second degree.
Cal. Penal Code § 460. Second degree burglary includes vehicle burglary. See People v. Thorn, 97 Cal. Rptr. 3d 605, 608 & n.2 (Cal. Dist. Ct. App. 2009).

3

imposed was more than one year and one month. U.S.S.G. § 4A1.1(a) (2010). Therefore, even assuming that counsel was deficient by failing to object to the accuracy of all of the information in Paragraph 10, petitioner was not prejudiced, and petitioner's first claim fails.

Petitioner's second claim concerns the addition of two criminal history points for his being on probation at the time of the instant offense. (Mot., DE # 44, at 7; Mem., DE # 44-1, at 12; see also PSR ¶ 15.) Petitioner claims that counsel should have objected to this portion of the PSR on the ground that the state court case number reflected in the PSR is invalid, meaning that he was not on probation at the time of his offense. (Mot., DE # 44, at 7; Mem., DE # 44-1, at 12; see also Mot., Attachs. 2 & 3, DE # 44-2.) The PSR reflects that on 5 January 2007 petitioner was sentenced to 60 months probation for a willful cruelty to a child conviction in case number FV1024399, San Bernardino County, California. (PSR ¶ 12.)

The minute order filed by the government reflects that on 5 January 2007, petitioner was sentenced to 60 months probation for violating California Penal Code § 273a(a),[3] in case number FVI024399, San Bernardino County Superior Court, California. (DE # 55-1.) The record therefore confirms that petitioner was on probation at the time of the instant offense on 4 August 2010 and that he correctly received an additional two criminal history points for that status under U.S.S.G. § 4A1.1(d). As with his other claim, petitioner suffered no prejudice by counsel's

---

[3]This statute provides that:
> Any person who, under circumstances or conditions likely to produce great bodily harm or death, willfully causes or permits any child to suffer, or inflicts thereon unjustifiable physical pain or mental suffering, or having the care or custody of any child, willfully causes or permits the person or health of that child to be injured, or willfully causes or permits that child to be placed in a situation where his or her person or health is endangered, shall be punished by imprisonment in a county jail not exceeding one year, or in the state prison for two, four, or six years.

Cal. Penal Code § 273a(a).

4

Case 5:10-cr-00306-BR   Document 66   Filed 02/18/14   Page 4 of 5

failure to object to the PSR, and this claim also fails.

For the foregoing reasons, the government's motion is ALLOWED.  The 28 U.S.C. § 2255 motion is DISMISSED.  The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, a certificate of appealability is DENIED.  The Clerk is DIRECTED to enter judgment and close this case.

This 18 February 2014.

W. Earl Britt
Senior U.S. District Judge