UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No: 5:10-CR-306-BR
No. 5:13-CV-352-BR

| | | |
|---|---|---|
| LUIS FERNANDO PEREZ-GONZALEZ | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| UNITED STATES OF AMERICA | ) | |
| | ) | |

This matter is before the court in this 28 U.S.C. § 2255 proceeding on remand from the Fourth Circuit Court of Appeals. (DE # 71.)

By way of pertinent background, on 18 February 2014, this court granted the government's motion for summary judgment on petitioner's § 2255 motion. (DE # 66.) Specifically, the court concluded that petitioner had not shown prejudice as to either of his ineffective assistance of counsel claims. (Id. at 3-5.) On petitioner's appeal, the Fourth Circuit Court of Appeals vacated that portion of the court's order disposing of petitioner's claim of ineffective assistance of counsel based on counsel's failure to object to Paragraph 10 of the presentence report ("PSR"). (DE # 71, at 2.) The appellate court held that petitioner had "demonstrated prejudice from counsel's failure to object to the [three] criminal history points assessed in Paragraph 10 of the PSR." (Id. at 5.) In addition, the appellate court dismissed that portion of the appeal regarding petitioner's other ineffective assistance of counsel claim. (Id. at 2.) The court remanded the case for further proceedings. (Id. at 5.)

In support of its motion for summary judgment, the government only attacked petitioner's claims by arguing that any challenge counsel could have made to the PSR would have been meritless. (See Mem., DE # 63, at 5-7.) Obviously, based on the appellate court's

analysis, an objection to Paragraph 10 of the PSR would have had merit. The government made no other argument regarding the objective reasonableness of counsel's failure to object. (Opinion, DE # 71, at 3 ("To satisfy the first prong[, i.e., that his counsel's performance was constitutionally deficient], he must demonstrate 'that counsel's representation fell below an objective standard of reasonableness.'" (citation omitted).) Accordingly, the court concludes that an evidentiary hearing is warranted on petitioner's claim that counsel was deficient for failing to object to Paragraph 10 of the PSR.

Pursuant to 28 U.S.C. § 636(b) and Rule 8 of the Rules Governing Section 2255 Proceedings for the United States District Courts, this matter is REFERRED to U.S. Magistrate Judge Robert B. Jones to hold an evidentiary hearing and file proposed findings of fact and recommendation for disposition. As petitioner has demonstrated he is financially unable to obtain adequate representation, (see CJA 23, DE # 4), the Federal Public Defender is DIRECTED to appoint counsel to represent petitioner for purposes of the evidentiary hearing, which shall be conducted as promptly as practicable, having regard for the need of counsel for both parties for adequate time for investigation and preparation. Attention of all parties is directed to Fed. R. Crim. P. 26.2.

This 28 January 2015.

                                      W. Earl Britt
                                      Senior U.S. District Judge